**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FRANCHISE GROUP, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12480 (LSS)<br><br>(Jointly Administered) |
| LAWRENCE R. HIRSH, solely in his capacity as Litigation Trustee of the Franchise Group Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>PORTER COUNTY TREASURER<br><br>Defendant. | Adv. Proc. No. 26-_______ (LSS) |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Lawrence R. Hirsh, solely in his capacity as the Litigation Trustee (the **"Plaintiff"** or the **"Litigation Trustee"**) of the Franchise Group Litigation Trust (the **"Litigation Trust"**) established under the confirmed chapter 11 plan of Franchise Group, Inc. and its debtor affiliates (collectively, the **"Debtors"**), by and through his undersigned counsel, files this complaint (the **"Complaint"**) against Porter County Treasurer(**"Defendant"**) to avoid and recover preferential transfers made by Debtor American Freight, LLC, or any of its affiliates (**"American Freight"**) to Defendant during the ninety (90) days preceding the commencement of the Debtors' bankruptcy

---

[1] The last four digits of Franchise Group, Inc.'s federal tax identification number are 1876. The mailing address for Franchise Group, Inc. is 5835 NW 21st Way, Suite 200, Boca Raton, Florida 33496. For purposes of this Complaint, the term "Reorganized Debtors" or "Debtors" includes Franchise Group, Inc. and certain reorganized debtor affiliates, a complete list of which, including the last four digits of their federal tax identification numbers and addresses, may be obtained on the website of the Reorganized Debtors' claims and noticing agent, at https://cases.ra.kroll.com/FRG/. All of the motions, contested matters, and adversary proceedings that remained open as of the closing of any of the Reorganized Debtors' cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Franchise Group, Inc., Case No. 24 12480 (LSS).

cases pursuant to sections 547 and 550 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this adversary proceeding to avoid and recover all preferential transfers made by American Freight to, or for the benefit of, the Defendant during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy cases. Specifically, Plaintiff seeks entry of a judgment against Defendant pursuant to: (a) 11 U.S.C. § 547(b) to avoid the Transfers (as defined below) made during the Preference Period (as defined below); (b) 11 U.S.C. § 550(a) to recover the Transfers from Defendant for the benefit of the Litigation Trust; and (c) 11 U.S.C. § 502(d) and (j) to disallow any claim Defendant may have asserted or may assert against the Debtors or that has been scheduled for Defendant.[2]

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Plaintiff consents to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the

---

[2] Plaintiff does not waive but hereby reserves all rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. The statutory predicates for the relief requested herein are sections 502(d), 547(b), and 550(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001.

## PROCEDURAL BACKGROUND

7. On November 3, 2024 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court, commencing the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

8. On June 2, 2025, the Court entered an order confirming the *Ninth Amended Joint Chapter 11 Plan of Franchise Group, Inc. and Its Debtor Affiliates* [Docket No. 1596-1] (as may have been modified, amended, or supplemented, the "**Plan**"). The Plan became effective on June 6, 2025 [Docket No. 1605].

9. Pursuant to the Plan and the order confirming the Plan, the Litigation Trust was established, and Lawrence R. Hirsh was appointed as the Litigation Trustee thereof, with the authority and standing to prosecute and settle certain causes of action belonging to the Debtors' estates, including avoidance actions under chapter 5 of the Bankruptcy Code, such as this action.

## THE PARTIES

10. Plaintiff is Lawrence R. Hirsh, solely in his capacity as the Litigation Trustee of the Litigation Trust established for the benefit of the Debtors' creditors under the Plan.

11. Debtor American Freight was, prior to the effective date of the Plan, a debtor and debtor in possession in the Chapter 11 Cases, and is one of the Debtors on whose behalf and for whose creditors' benefit the Litigation Trustee prosecutes this action.

12. Upon information and belief, Defendant Porter County Treasurer is the office responsible for the billing and collection of real and/or personal property taxes for Porter County, Indiana, and, at all relevant times, received payments from American Freight on account of real and/or personal property taxes assessed with respect to American Freight's leased or owned business location(s) situated in Porter County, Indiana.

## FACTUAL BACKGROUND

13. The Debtors' financial difficulties that led to the commencement of the Chapter 11 Cases are set forth in the Debtors' disclosure statement [Docket No. 1019-1] concerning the Plan and related filings, which are incorporated herein by reference.

14. During the ninety (90) days immediately preceding the Petition Date, that is, from August 5, 2024 through and including November 3, 2024 (the "**Preference Period**"), American Freight made one or more transfers of an interest in its property to, or for the benefit of, Defendant, aggregating not less than $38,045.73 (the "**Transfers**"). The details of the Transfers are set forth on the Statement of Account attached hereto as Exhibit A and incorporated herein by reference.

15. Plaintiff has conducted a review and analysis of the readily available information of the Debtors, including their books and records, and, on that basis, seeks to avoid all Transfers made by American Freight to, or for the benefit of, Defendant during the Preference Period.

16. Plaintiff has also conducted a review and analysis of readily available information regarding known and reasonably knowable affirmative defenses that may be available to Defendant under section 547(c) of the Bankruptcy Code. Accordingly, the "**Adjusted Transfers**" amount is the Transfers amount reflected in Exhibit A less the identified New Value Credit attributable to the Defendant.

17. On or about May 12, 2026, Plaintiff, through counsel, sent a demand letter to Defendant (the "**Demand Letter**") seeking the return of the Transfers. The Demand Letter described potential statutory defenses available to Defendant under section 547(c) of the Bankruptcy Code and requested that, to the extent Defendant believed it had evidence supporting any such defense(s), it provide that evidence to Plaintiff for evaluation. The Demand Letter reduced the demand by the amount of any applicable New Value Credit.

18. Based on Plaintiff's reasonable diligence, including review of the Debtors' books and records and other readily available information, and after evaluating known and reasonably knowable affirmative defenses, Plaintiff has determined that some or all of the Transfers may be avoided even after accounting for any affirmative defenses that may be available to Defendant.

**COUNT I**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547(b))**

19. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

20. During the Preference Period, American Freight made the Transfers to, or for the benefit of, Defendant.

21. As more particularly described on Exhibit A, during the Preference Period, American Freight made the Transfers to, or for the benefit of, Defendant in the aggregate amount of not less than $38,045.73.

22. Each Transfer was a transfer (within the meaning of 11 U.S.C. § 101(54)) of property, or of an interest in property, of American Freight to Defendant, or for Defendant's benefit.

23. Defendant was a creditor (within the meaning of 11 U.S.C. § 101(10)) of American Freight at the time of each Transfer owed by American Freight to Defendant, for which American Freight was obligated to pay as set forth on Exhibit A.

24. Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by American Freight to Defendant.

25. Each Transfer was made for, or on account of, an antecedent debt owed by American Freight to Defendant before such Transfer was made, within the meaning of section 547(b)(2) of the Bankruptcy Code.

26. Each Transfer was made while American Freight was insolvent within the meaning of section 547(b)(3) of the Bankruptcy Code. Plaintiff is entitled to the presumption of American Freight's insolvency during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

27. Each Transfer was made during the Preference Period, within the meaning of section 547(b)(4)(A) of the Bankruptcy Code.

28. As a result of each Transfer, Defendant received more than Defendant would have received if: (a) American Freight's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code, within the meaning of sections 547(b)(5)(A)-(C) of the Bankruptcy Code.

29. In accordance with section 547(b) of the Bankruptcy Code, Plaintiff has conducted reasonable diligence under the circumstances of the Chapter 11 Cases and has taken into account known or reasonably knowable affirmative defenses. According to the Litigation Trustee's and his

counsel's review, Defendant is eligible for a New Value Credit of $0.00. Plaintiff believes the Adjusted Transfers of $38,045.73 (total in Exhibit A less the New Value Credit) are avoidable.

30. By reason of the foregoing, the Adjusted Transfers are avoidable pursuant to section 547(b) of the Bankruptcy Code, and Plaintiff is entitled to recover the Adjusted Transfers from Defendant, plus interest from the dates of the Transfers, and costs and fees to the extent available.

**COUNT II**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

31. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

32. Plaintiff is entitled to avoid the Adjusted Transfers pursuant to section 547(b) of the Bankruptcy Code.

33. Defendant is the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or, alternatively, Defendant is the immediate, mediate, or subsequent transferee of such initial transferee.

34. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the property transferred, or the value of such property, plus interest from the dates of the Transfers, and costs and fees to the extent available.

**COUNT III**
**(Disallowance of Claims – 11 U.S.C. § 502(d) and (j))**

35. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

36. Defendant is a transferee of the Transfers, including the Adjusted Transfers, which are avoidable under section 547 of the Bankruptcy Code and recoverable under section 550 of the Bankruptcy Code.

37. Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under section 550 of the Bankruptcy Code.

38. Pursuant to section 502(d) of the Bankruptcy Code, any claim of Defendant that has been or will be asserted in the Chapter 11 Cases must be disallowed unless and until Defendant has paid the amount of the Adjusted Transfers or turned over the property transferred to Plaintiff, for which Defendant is liable under sections 547 and 550 of the Bankruptcy Code.

39. Pursuant to section 502(j) of the Bankruptcy Code, any claim of Defendant against the Debtors' estates previously allowed must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Adjusted Transfers.

## RESERVATION OF RIGHTS

40. During this adversary proceeding, Plaintiff may learn, through discovery or otherwise, of additional transfers made to Defendant, or for the benefit of a creditor of the Debtors, during the Preference Period that are avoidable under section 547 of the Bankruptcy Code or under other applicable law. Plaintiff intends to avoid and recover all avoidable transfers made by American Freight to, or for the benefit of, Defendant or any other creditor of the Debtors.

41. Plaintiff reserves all rights to amend this Complaint to include: (a) further information regarding the Transfers; (b) additional transfers; (c) modifications of and/or revisions to Defendant's name; (d) additional defendants; and/or (e) additional causes of action, if applicable, that may become known to Plaintiff at any time during this adversary proceeding, whether through discovery or otherwise, and for any such amendment to relate back to this Complaint.

42. Plaintiff further reserves all rights to bring any and all other claims or causes of action that the Debtors or the Litigation Trust may have against Defendant, whether at law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. avoiding the Adjusted Transfers pursuant to section 547(b) of the Bankruptcy Code;

B. awarding Plaintiff a judgment against Defendant in the amount of the value of the Adjusted Transfers, pursuant to section 550(a) of the Bankruptcy Code;

C. disallowing any and all claims of Defendant that have been or may be asserted in the Chapter 11 Cases, pursuant to sections 502(d) and (j) of the Bankruptcy Code, unless and until Defendant has returned the property transferred, or paid the value of such property, to Plaintiff;

D. awarding Plaintiff pre-judgment and post-judgment interest on the amount of the Adjusted Transfers to the fullest extent allowed by applicable law;

E. awarding Plaintiff the costs and fees of this adversary proceeding, to the extent available; and

F. granting such other and further relief as the Court may deem just and proper.

Dated: October 23, 2026
Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Matthew P. Milana*
Thomas J. Francella, Jr. (No 3835)
Matthew P. Milana (No. 6681)
824 N Market Street .
Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5803
Email: tfrancella@raineslaw.com
mmilana@raineslaw.com

Sarah E. Wenrich
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
Telephone: (412) 899-6458
Email: swenrich@raineslaw.com

Tracy Hughes
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Email: thughes@raineslaw.com

*Counsel to Plaintiff Lawrence R. Hirsh, solely in his capacity as Litigation Trustee of the Franchise Group Litigation Trust*